IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

GEORGE WALTER                     :
BREWSTER, III,                    :
                                  :
                Plaintiff,        :
                                  :
        V.                        :
                                  :    NO. 4:25-cv-90-CDL-AGH
                                  :
Attorney General CHRIS            :
CARR; *et al.*,                   :
                                  :
                Defendants.       :
_____   :

## ORDER OF DISMISSAL

Plaintiff George Walter Brewster, III, a pretrial detainee in the Muscogee County

Jail in Columbus, Georgia, filed a pro se civil rights complaint pursuant to 42 U.S.C. §

1983.  ECF No. 1.  Plaintiff also moved to proceed without prepayment of the filing fee

pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  Upon review of these documents, the Court

finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior

federal lawsuits have been dismissed on grounds that count as "strikes" under 28 U.S.C. §

1915(g), and Plaintiff has not alleged facts showing that he is in imminent danger of serious

physical injury.  Therefore, Plaintiff's motion to proceed *in forma pauperis* is now

**DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth

below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma*

*pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."   Under § 1915(g), a

prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

grounds that it is frivolous or malicious or fails to state a claim.   *See Medberry v. Butler*,

185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs three strikes, leave to

proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger

of serious physical injury.   *Id.*

A review of court records on the Federal Judiciary's Public Access to Court

Electronic Records ("PACER") database reveals that Plaintiff has filed various federal

lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous

or malicious or for failure to state a claim.   *See, e.g.,* Order Dismissing Compl., *Brewster*

*v. Turner*, Case No. 4:21-cv-00014 (M.D. Ga. Mar. 3, 2021) (dismissing for failure to state

a claim), ECF No. 5; Order Dismissing Compl., *Brewster v. Am. Int'l Movers, Inc.*, Case

No. 4:20-cv-00045 (M.D. Ga. Mar. 12, 2020) (dismissing for failure to state a claim), ECF

No. 5; Order Adopting R. & R., *Brewster v. Dist. Atty's Office*, Case No. 4:20-cv-00038-

CDL-MSH (M.D. Ga. Oct. 21, 2020) (dismissing for failure to state a claim), ECF No. 7;

*see also* Order Dismissing Compl., *Brewster v. Muscogee Cty. Police Dep't*, Case No.

4:21-cv-00048-CDL-MSH (M.D. Ga. May 24, 2021) (dismissing case under the three

strikes rule).   Thus, Plaintiff is barred from prosecuting this action *in forma pauperis*

unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an

"ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of

2

imminent serious physical injury." *Sutton v. Dist. Att'y Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff complains that the Muscogee County District Attorney is violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. ECF No. 1 at 8. He alleges the Office of the District Attorney is violating RICO by falsely imprisoning and maliciously prosecuting people. *Id*. Specifically, Plaintiff alleges that he and others arrested for probation violations were not taken before a judicial officer within seventy-two hours of their arrests in violation of O.C.G.A. § 17-4-26. *Id*. at 8-10. Plaintiff seeks damages in the amount of $2,450.00 "for every day that [he] was denied [his] [c]onstitutional [r]ights." *Id*. at 11.

These allegations do not demonstrate that Plaintiff is in imminent danger of serious physical injury. Thus, Plaintiff does not qualify for the exception to the three-strikes rule. Plaintiff's motion to proceed in this action *in forma pauperis* is therefore **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1]In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when

**SO ORDERED**, this 13th day of March, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.